IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DEVON STEWARTS,                )<br>                                               )<br>           Petitioner/Defendant,   )<br>                                               )<br>vs.                                            )<br>                                               )<br>UNITED STATES of AMERICA , )<br>                                               )<br>           Respondent/Plaintiff.    ) | CIVIL NO. 10-cv-700-DRH<br><br>CRIMINAL NO. 08-cr-30129 |

### MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

This matter is before the Court on Petitioner's motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255.  On January 15, 2009, Petitioner pleaded guilty, pursuant to a written plea agreement, to conspiracy to distribute cocaine and marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 846; and distributing cocaine in violation of 21 U.S.C. § 841(a)(1).  On May 1, 2009, Petitioner was sentenced to 121 months imprisonment, 4 years supervised release, a fine of $750, and a special assessment of $200.  Petitioner did not seek a direct appeal and there is no indication that Petitioner has previously sought relief pursuant to 28 U.S.C. § 2255.

In the § 2255 motion, Petitioner asserts that his trial counsel provided ineffective assistance by failing to file a motion for a new trial pursuant to Rule 33(b) of the Federal Rules of Criminal Procedure and for failing to file an appeal.  As noted above, Petitioner pleaded guilty to two criminal charges and, consequently, there was no trial.  As also noted above, Petitioner entered into a written plea agreement (Doc. 49), which waived his right to an appeal and all post-conviction relief.  Petitioner, however, reserved the right to appeal the reasonableness of his sentence.  Petitioner

asserts, though, that the plea agreement was not "knowingly and voluntarily" entered into because of his counsel's actions/inactions.

The Court further notes that, on its face, the instant § 2255 motion appears to be untimely. Petitioner was sentenced on May 1, 2009, and pursued no appeal or other post-conviction relief. The instant § 2255 motion was not filed until September 10, 2010. Accordingly, it would appear that the instant motion is untimely pursuant to 28 U.S.C. § 2255(f) (1 year statute of limitations). Liberally construing the petition and attached exhibits, however, Petitioner would appear to argue that equitable tolling should apply to his case because he was either led to believe or acted under the mistaken belief that his attorney had filed post-conviction actions (either an appeal or a Rule 33(b) motion) that would have tolled the running of the § 2255(f) statute of limitations.

Based on the foregoing, the Court finds that it cannot summarily dismiss the § 2255 action at this time.

Accordingly, the Court **ORDERS** the Government to file a response to Petitioner's motion within **THIRTY (30) DAYS** of the date of this Order. The Government shall, as part of its response, attach all relevant portions of the record. In addition to the merits of Petitioner's § 2255 motion, the Government shall also address the issue of whether Petitioner's § 2255 motion is timely filed.

**IT IS SO ORDERED**.

**DATED:** October 18, 2010

**DISTRICT JUDGE**