IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DEVON STEWARTS,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.                                          No. 10-700-DRH

**ORDER**

**HERNDON, Chief Judge:**

Before the Court is movant Devon Stewarts' motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence (Doc. 1). For the reasons that follow, the motion is dismissed as untimely.

**I. Background**

On January 15, 2009, movant plead guilty to the charges of conspiracy to distribute cocaine and marijuana (count 1) and distribution of cocaine (count 2) (Doc. 48 - 08-30129). On May 1, 2009, movant was sentenced to 121 months' imprisonment on each count to run concurrently (Docs. 57 & 60 - 08-30129). Following judgment, on September 9, 2009, movant filed a motion to withdraw counsel of record and proceed pro se (Doc. 62 - 08-30129), a motion to proceed in forma pauperis (Doc. 63 - 08-30129), and a motion to receive sentencing memoranda, plea agreement, and sentencing transcripts (Doc. 64 - 08-30129) so that

movant "will have the needed documents to challenge his sentence by way of 21 U.S.C. § 2255." On September 28, 2009, the Court filed an order (Doc. 65 - 08-30129), denying all three motions filed by movant on September 9, 2009, for lack of jurisdiction. In that order, the Court noted that the only procedural avenue that movant could bring his motion under was a § 2255 collateral attack, but that it did not appear that was what the movant was currently seeking. The order stated that a collateral attack under § 2255 has a one-year statute of limitations, and that although movant indicated that he would be filing a § 2255 motion, he had yet to do so and must first do so to obtain transcripts under 28 U.S.C. § 753(f).

Following this, on April 30, 2010, three days before the deadline to file his § 2255 motion based upon the date on which his judgment of conviction became final, movant filed a letter dated April 29, 2010, which the Court construed as a motion for extension of time to file a § 2255 motion to vacate, set aside, or correct sentence (Doc. 66 - 08-30129). On May 24, 2010, the Court entered an order (Doc. 67), denying the motion for extension of time (Doc. 67), finding that the statute did not provide for extensions of time. The Court also noted that the Seventh Circuit has contemplated an equitable tolling provision which would potentially allow a court to accept a late filed § 2255 motion, but movant had neither filed a motion nor stated his reasons for his inability to file. Thus, the Court concluded that it was unable to determine whether equitable tolling was available. Accordingly, the Court instructed the movant that if movant actually filed a § 2255 motion, it may consider any argument he presented that the motion should not be considered untimely.

On September 10, 2010, movant finally filed a § 2255 motion to vacate, set aside, or correct sentence (Doc. 1), alleging, among other things, that his trial counsel failed to file a timely notice of appeal and failed to file a motion for new trial under Federal Rule of Criminal Procedure Rule 33. Attached to the motion were several letters between movant and his trial attorney. Those letters are summarized as follows:

> 1) A letter dated May 17, 2010, from movant to his trial attorney stating that this was his third inquiry as to the status of his Rule 33 motion, direct appeal, and his attorney's motion to withdraw;
>
> 2) A letter dated May 28, 2010, from movant's trial attorney to movant stating that this was the first request he had received from movant regarding the status of his case on appeal, informing movant that no notice of appeal or Rule 33 motion was filed in his case, that he never received any request to file these "motions," and that movant had one year to file a § 2255 motion;
>
> 3) A letter dated June 2, 2010, from movant to his trial attorney inquiring as to whether he needed to ask the court to extend the time for filing a notice of appeal, acknowledging receipt of the order from the court informing him that the court was without jurisdiction to grant his request to extend the time to a file a § 2255 motion, and inquiring as to whether he must now seek approval from the Seventh Circuit to file a § 2255 motion;

4) A letter dated June 2, 2010, from movant's trial attorney to movant stating that movant never requested him to file a notice of appeal nor a Rule 33 motion, informing movant that he may request the Seventh Circuit or the district court to extend the time for filing a notice of appeal, but that many of those issues were waived in his plea agreement, and that, as he saw it, movant's only remedy was a § 2255 motion which had tight time lines;

5) A letter dated July 21, 2010, from movant to his trial attorney requesting that his trial attorney's office furnish him with copies of the state court documents that his attorney possessed; and

6) A letter dated July 29, 2010, from movant's trial attorney to movant requesting that movant pay him to recover the documents movant requested and his attorney fees which were outstanding.

After examining the motion, the Court ordered the government to respond by October 18, 2010 (Doc. 2). The government missed that deadline, but on November 3, 2010, the government moved for an extension of time to file a response (Doc. 3), and the Court granted the government until January 18, 2011, to file a response. In the meantime, movant filed a "request for status of section 2255 motion" and a motion for evidentiary hearing (Doc. 5), which the Court denied as premature (Doc. 6). On January 18, 2011, the government filed its response to movant's motion (Doc. 7), whereby it alleged, among other things, that movant's motion was untimely. Movant did not file a reply to the response and the time for

doing so has passed. For the reasons that follow, movant's motion is dismissed for being untimely.

## II. Analysis

A motion by a federal prisoner for postconviction relief under 28 U.S.C. § 2255 is subject to a one-year time limitation that runs from one of four specified dates, generally the date on which the conviction becomes final. *Clay v. United States*, 537 U.S. 522, 524-25 (2003); see 28 U.S.C. § 2255. More specifically, the one year limitation period runs from the latest of the following dates:

> "(1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by the governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through exercise of due diligence." 28 U.S.C. § 2255(f).

Section 2255's period of limitation is not jurisdictional but is instead a procedural statute of limitations subject to equitable tolling. *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000) (citing *Taliani v. Chrans*, 189 F.3d 597 (7th Cir. 1999)). "Even so, equitable tolling is granted sparingly." *Marcello*, 212 F.3d at 1010 (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)). "Extraordinary circumstances far beyond the litigant's control must have prevented timely filing." *Marello*, 212 F.3d at 1010 (citing *Hoosier Bancorp of Ind., Inc. v.*

*Rasmussen*, 90 F.3d 180, 183 (7th Cir. 1996)); see also *Tucker v. Kingston*, 538 F.3d 732, 734 (7th Cir. 2008) (finding that equitable tolling may apply to cases on collateral review but only when it does not conflict with the strictures of 28 U.S.C. § 2244(d) and noting that the Seventh Circuit has yet to identify a petitioner whose circumstances warrant it). Indeed, besides showing extraordinary circumstances outside the movant's control through no fault of movant's own, the movant must also show that he has diligently pursued his claim, despite the obstacle. *Tucker*, 538 F.3d at 734 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Here, movant's § 2255 motion was filed not filed until September 10, 2010, well over a year after his conviction became final on May 1, 2009, when judgment was entered. See *Lawrence v. Florida*, 549 U.S. 327, 341 n. 4 (2007) ("Section 2255, [(f)(1)], refers simply to 'the date on which the judgment of conviction becomes final' and not to 'the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.'"); but see *Clay*, 537 U.S. at 532 ("We hold that, for federal criminal defendants who do not file a petition for certiorari with this Court on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires."). Thus, movant had until May 3, 2010 (May 1, 2010, was a Saturday) to file his § 2255 motion. See RULES GOVERNING § 2255 PROCEEDINGS FOR THE U.S. DIST. COURTS R. 12 (applying the Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure to § 2255 proceedings); FED. R. CIV. P. R. 6; FED. R. CRIM. P. R. 45. Movant's motion was filed passed the limitation period and he does not deny that his

motion is untimely under the deadline based upon the date his judgment of conviction became final. Rather, he contends that he learned for the first time on or about May or June 2010 that his attorney had not filed either a timely Federal Rule of Criminal Procedure Rule 33 motion for new trial or a timely notice of appeal. Thus, he avers that his motion must be deemed timely. As support, in movant's request for status of his § 2255 motion and motion for evidentiary hearing (Doc. 5), movant urges the Court to find that the motion was timely under § 2255(f)(4), arguing that movant exercised due diligence in discovering the facts supporting his claim that his former trial attorney was ineffective for failing to file a timely notice of appeal and Rule 33 motion and that he filed his motion within one year of the date he actually discovered that fact. Movant cites to the Eleventh Circuit decision *Aron v. United States*, 291 F.3d 708 (11th Cir. 2002), to bolster his claim.

In *Aron*, the movant's conviction became final in 1994, but he did not file a § 2255 motion until July 4, 1998. The government responded to the motion and argued that it was untimely under the one-year period of limitation imposed by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). The movant answered that he did not learn of his attorney's failure to appeal his sentence until September 4, 1997, when he received a copy of the brief filed in his direct appeal. Thus, the movant contented that since the movant's § 2255 motion was filed within one year of that date, his motion was timely under § 2255(4). The district court disagreed and dismissed the movant's motion as untimely.

On appeal, the Eleventh Circuit found that "the court should begin the

timeliness inquiry under § 2254(4) by determining whether the petitioner exercised due diligence because *** if he did so, the limitation period would not begin to run before the date he actually discovered the facts supporting the claim." *Id.* at 711. "It is only if [the movant] did not exercise due diligence that we are required to speculate about the date on which the facts could have been discovered with the exercise of due diligence." *Id.* at 711 n. 1. The court found that due diligence required reasonable efforts on the movant's part, and that "the due diligence inquiry is an individualized one that 'must take into account the conditions of confinement and the reality of the prison system.'" *Id.* at 712 (citing *Montenegro v. United States*, 248 F.3d 585, 592 (7th Cir. 2001)). The court also found that the district court's assumption that the movant was required to show due diligence from the time the movant's conviction became final in 1994 was incorrect, holding that a movant's "failure to exercise due diligence before AEDPA was enacted cannot support a finding that a petition failed to satisfy the timeliness requirement of § 2255(4)." *Id.* at 712-13. Accordingly, the court found the movant alleged sufficient facts regarding his diligence that would entitle to him relief in the form of a timely petition and that his allegations were not affirmatively contradicted by the record. *Id.* at 715. Thus, the court found that the district court abused its discretion in failing to hold an evidentiary hearing. *Id.*

The Court initially notes that while we carefully and respectfully consider the opinions of our sister circuits, we are not bound by them. *United States v. Clark*, 538 F.3d 803, 812 (7th Cir. 2008); *In re Walshe*, 125 F. 572, 573 (C.C. D. Ind. 1903) ("It is my duty to give to the decisions of the federal courts in other

circuits the weight and consideration to which they are entitled in view of the ability and learning of the judges who decided them; but they are not binding in this circuit as authorities and precedents, and finally are entitled to only such consideration as the reasoning of the case justifies."). Still, even if *Aron* were precedent and binding on this Court, the Court would not find that movant's motion was timely under § 2255(f)(4) because movant did not exercise due diligence and could have discovered (if he did not already know) that his attorney did not file a notice of appeal or a Rule 33 motion (both of which he waived the right to do in his plea agreement) through the exercise of due diligence well before one year proceeding September 10, 2010, when he filed his § 2255 motion. In fact, the motions filed by movant September 9, 2009, provide circumstantial evidence that movant knew no appeal or Rule 33 motion had been filed by his trial counsel, and that movant wished to proceed pro se so that he could file a postconviction motion. This combined with the other evidence in the record discussed below leads the Court to find that movant knew or could have discovered through due diligence that no notice of appeal or Rule 33 motion had been filed at least one year before he filed his § 2255 motion.

In *Montenegro*, 248 F.3d at 590-93, *partially overruled on other grounds by Ashley v. United States*, 266 F.3d 671 (7th Cir. 2001), the movant entered a plea of guilty, and on April 19, 1996, the district court entered judgment on the conviction and sentence. On March 2, 1998, the movant filed a § 2255 motion, which the district court dismissed as untimely under the one-year statute of limitations embodied in § 2255. The movant appealed and the Seventh Circuit

remanded for an evidentiary hearing on the issue of the movant's diligence, finding the record devoid of adequate information to determine when the one-year time limit began to run and whether the movant had filed his § 2255 motion within that time limit. On remand, the district court held an evidentiary hearing, and decided that the movant had not exercised due diligence in determining that an appeal had been filed. The movant appealed.

On appeal, the Seventh Circuit considered whether the movant exercised due diligence in filing his § 2255 motion under what is now § 2255(f)(4). The court reviewed the district court's decision that the movant did not exercise due diligence for clear error, *id.* at 591, and found that the movant "failed to meet even the most lenient standard of diligence," *id.* at 592. In reviewing whether the movant exercised due diligence, the court found that "a due diligence analysis under [§2255(f)(4)] requires consideration of a prisoner's individual circumstances" and "that it is possible, under some circumstances, that lack of sophistication could become part of a due diligence analysis, because the limitations with which a prisoner is faced might influence how quickly facts could have been discovered." *Id.* at 592-93. Nevertheless, the court found that the movant failed to exercise due diligence in finding out that an appeal had not been filed because about six months after his conviction and sentence were final, the movant had the docket sheet that revealed that an appeal in his case had not been filed and he never asked his trial attorney about the appeal. *Id.* at 593. "That an appeal had not been filed was a matter of public record, 'which reasonable diligence could have unearthed.'" *Id.* (quoting

*Owens v. Boyd*, 235 F.3d 356, 360 (7th Cir. 2000)). "[E]ven with the language barrier and other difficulties faced by [the movant], due diligence would have revealed that an appeal had not been filed." *Id.* Thus, the district court did not error in finding that the movant did not exercise due diligence. *Id.*

Here, unlike in *Montenegro*, the Court finds that the record before it has adequate information for the Court to determine the issue of movant's diligence without the necessity of an evidentiary hearing. See *LaFuente v. United States*, 617 F.3d 944, 946-47 (7th Cir. 2010) (noting that a full evidentiary hearing is not the only option available to district courts to resolve the essential disputed facts). Indeed, the record clearly reflects that movant did not exercise due diligence, and belies movant's assertion that he did not discover that his trial attorney did not file a notice of appeal or Rule 33 motion for new trial until May or June 2010 when movant was furnished with a criminal docket report.

First, movant contends that he and his trial attorney agreed that before his trial attorney filed a motion to withdraw from movant's case, he would file a timely Rule 33(b) motion for new trial and a timely notice of appeal. The record indicates, however, that it was movant who filed a motion to withdraw counsel of record and proceed pro se (Doc. 62 - 08-30129). When movant filed that motion, as well as his motion to proceed in forma pauperis (Doc. 63 - 08-30129) and his motion to receive sentencing memoranda, plea agreement, and sentencing transcripts (Doc. 64 - 08-30129) on September 9, 2009, movant indicated that he was going to file a § 2255 motion. Movant did not mention a direct appeal or a Rule 33 motion.

Moreover, if as movant has alleged, that he thought his trial attorney filed an appeal and/or a Rule 33 motion for new trial, common sense would dictate that movant would have inquired about those motions with the Court.

In fact, in this Court's order of September 28, 2009, denying those motions, the Court explicitly told movant that "a collateral attack under 28 U.S.C. § 2255 has a 1 year statute of limitations." Accordingly, three days before the time for filing such motion was set to expire, movant filed a motion for an extension of time to file a § 2255 motion. On May 24, 2010, the Court denied this motion and informed movant that equitable tolling may be available and that movant should present the Court with any argument as to why a § 2255 motion should not be considered untimely if he eventually filed one.

Rather, than make that argument however, movant filed his § 2255 motion on September 10, 2010, attaching several letters between movant and his trial attorney whereby movant tries to establish that he did not discover that his trial counsel did not file a notice of appeal or Rule 33 motion for new trial until May or June 2010. The problem with movant's argument is that it completely ignores this Court's order of September 28, 2009, informing movant that a motion for new trial under Rule 33 would be untimely (unless based on new evidence which movant did not allege) and that movant had one year to file his § 2255 motion. Not only that, movant's motion for an extension of time to file a § 2255 motion just days before that motion was due indicates that movant was aware of the time constraints to filing a § 2255 motion and that he simply failed to exercise due diligence in filing a timely §

2255 motion when movant was explicitly told over seventh months before the motion was due that he had one year to file his § 2255 motion. See *Tucker v. Kingston*, 538 F.3d 732, 735 (7th Cir. 2008) (finding no substantial risk that a district court's dismissal as opposed to a stay would effectively end any chance at federal habeas review when more than five months of petitioner's limitation period remained). Movant was informed by the Court that it lacked jurisdiction to continue to hear related issues except to the extent authorized by statute or rule in its order of September 28, 2009. This explicitly informed movant that no Rule 33 motion had been filed and implicitly informed movant that no notice of appeal had been filed in his case. As in *Montenegro*, "[t]hat an appeal had not been filed was a matter of public record, 'which reasonable diligence could have unearthed.'" 248 F.3d at 593 (quoting *Owens*, 235 F.3d at 360)).

Movant's letters to his attorneys which were affirmatively contradicted by his trial attorney's responses cannot overcome the evidence in the record establishing that movant was aware that no notice of appeal or Rule 33 had been filed long before May or June 2010 as he alleges. Furthermore, even if the Court construed movant's original motion for extension of time to file a § 2255 motion as a timely § 2255 motion, movant's newly raised grounds for relief would not relate back to the time of that filing. See *Warden v. Felix*, 545 U.S. 644, 650 (2005) ("An amended habeas petition, we hold, does not relate back (and thereby escape AEDPA's one-year time limit) when it assets a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth.").

Moreover, movant does not make any argument whatsoever as to why equitable tolling should apply to his motion, despite the Court's order informing him to do so if he filed a late § 2255 motion. Thus, the Court need not address any argument that equitable tolling should apply in this case.

The Court leaves with the following caveat: "[W]hen a defendant appeals despite agreeing not to do so, the prosecutor may withdraw concessions made as part of the bargain." *Nunez v. United States*, 546 F.3d 450, 455 (7th Cir. 2008). This opens up the opportunity for any dismissed charges to be reinstated or for the prosecutor to ask the court to increase the sentence on the existing conviction. *Id.* Not to mention that a motion filed under § 2255 is filed subject to penalty of perjury. The Court reminds movant of the adage to be careful what you wish for, it just might come true.

### III. Conclusion

For the reasons stated above, movant's § 2255 motion (Doc. 1) is dismissed with prejudice for being untimely. Judgment to enter.

**IT IS SO ORDERED.**

Signed this 10th day of May, 2011.

Digitally signed by David R. Herndon
Date: 2011.05.10 16:18:52 -05'00'

**Chief Judge**
**United States District Court**